IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN W. JEMISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2475 |
| | § | |
| CITIMORTGATGE, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The plaintiff, John W. Jemison, has moved for a court-appointed attorney to assist him in this mortgage-foreclosure suit. (Docket Entry No. 12). He was represented at one point, according to his motion, but has not been able to retain counsel to replace his former law firm. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." There is no right to appointment of counsel in a civil case. *Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261 (5th Cir., 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.,* 911 F.2d 1165, 1166 (5th Cir.1990). An indigent civil litigant does not have a right to appointed counsel absent "exceptional circumstances." *Norton v. E.U. Dimazana,* 122 F.3d 286, 293 (5th Cir.1997); *Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994). A court may appoint counsel in a civil case if exceptional circumstances make it necessary for the proper administration of justice. *Ulmer v. Chancellor,* 691 F.2d 209, 212–13 (5th Cir.1982). The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would facilitate the administration of justice: (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court. *Ulmer v. Chancellor,* 691 F.2d at 212–13.

As the Fifth Circuit recently stated, "[E]very litigant benefits by having an attorney. However the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him." *Margin v. Social Security Administration,* Civ. A. No. 08–4605, 2009 WL 3673025, *2 (5th Cir. Oct. 28, 2009). Mr. Jemison has made no such showing here. The claims Mr. Jemison asserts are frequently filed in state and federal courts. There is a significant amount of case-law guidance on the claims. As a result, the claims do not appear to be so complex or unusual as to require appointing counsel. The pleading shows that Mr. Jemison understands the proceedings and can address the issues presented. While Mr. Jemison may have limited knowledge of the law, this is true of nearly every person who files a *pro se* lawsuit. For this reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by a lawyer and courts are liberal in reviewing *pro se* pleadings and motions, giving *pro se* individuals ample opportunity to amend if necessary, and granting generous extensions of time to comply with court orders. Appointment of counsel would not significantly assist the court and is not needed for the proper administration of justice.

The court finds no exceptional circumstances in the instant case to warrant appointment of counsel. The motion is denied.

SIGNED on October 7, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge