IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN W. JEMISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2475 |
| | § | |
| CITIMORTGAGE, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON FORECLOSURE AND FEES**

The plaintiff, John Jemison, defaulted on his mortgage loan. On July 19, 2013, Jemison, representing himself, filed a state-court petition to stop the lender from foreclosing. The action was removed based on diversity jurisdiction. (Docket Entry No. 1). After removal, this court granted Jemison multiple opportunities and extensions to amend his pleadings, both while he represented himself and after he retained counsel, and ordered CitiMortgage to produce information relating to the loan documents, including the payment history. Jemison's amended complaint alleged lack of statutory standing to foreclose and wrongful attempted foreclosure; a suit to quiet title; violations of the Texas Debt Collection Act; breach of contract; violations of the Truth in Lending Act; tortious interference with contract; and violations of Article XVI, § 50(a)(6) of the Texas Constitution. Jemison sought damages, declaratory relief, and attorneys' fees.

Jemison did not dispute that he defaulted on the Note. Instead, he alleged that defects in the assignment of the Note or Deed of Trust stripped the defendants of their authority to foreclose on his property, breached the loan agreement, and violated Texas law. This court granted the

defendants' motion to dismiss the amended complaint, without leave to amend because amendment would be futile.

CitiMortgage counterclaimed for breach of contract and sought foreclosure or, alternatively, a declaratory judgment that it had an equitable subrogation lien on which it was entitled to foreclose as the assignee of the Deed of Trust and the current holder of the Note. CitiMortgage moved for summary judgment that it was entitled under Rules 735 and 736 of the Texas Rules of Civil Procedure and Texas Property Code § 51.002 to foreclose on the property and obtain its attorneys' fees and costs under the Note and Deed of Trust. (Docket Entry No. 57).

Jemison's response to the summary judgment motion did not contest the foreclosure order CitiMortage seeks. Instead, Jemison argued only that CitiMortgage is not entitled to fees because the loan was nonrecourse.

The court's Memorandum and Opinion granting CitiMortgage's motion to dismiss set out the basis for finding that CitiMortgage is entitled to foreclose. CitiMortgage also attached competent evidence to the summary judgment establishing its right to foreclose.[1] The evidence shows that the Jemisons: defaulted under the Note by failing to make the required payments; received the required notices of default and acceleration; and owed $710,277.19 in principal balance as of July 14, 2014, prejudgment interest at the rate of $78.3306 per diem, and attorneys' fees of $92,239.20. The evidence also shows that the home equity loan shown by the Note and Deed of

---

[1] The summary judgment evidence includes the affidavit of Barbara Dauster-Adams and the following exhibits: A-1. Texas Home Equity Note dated May 27, 2004 (the "Note"); A-2. Texas Home Equity Security Instrument (First Lien) dated May 27, 2004 (the "Deed of Trust"); A-3. Payment history for the Home Equity Loan; A-4. Payoff quote for the Home Equity Loan; A-5. Notices of default and notice of intent to accelerate dated September 15, 2010 and September 23, 2010; A-6. Notice of acceleration dated November 9, 2010; A-7. Certificate of Merger of CitiFinancial Mortgage Company, Inc. into CitiMortgage. The evidence also includes assignments of the Note and Deed of Trust and the affidavit of Kyle R. Watson.

2

Trust was properly transferred and assigned to CitiMortgage, which is the holder of the Note and Deed of Trust and which possesses the original "wet ink" Note. The lien evidenced by the Deed of Trust was assigned and the assignments recorded, and CitiMortgage is the last assignee. CitiMortgage is the mortgagee under Texas Property Code §51.0001(4). The Jemisons failed to pay the amounts due. CitiMortgage is also a holder under §1.201(b)(21)(A), although status as a holder is not necessary to obtain the relief CitiMortgage seeks.

CitiMortgage is entitled to enforce the Note and Deed of Trust. Proper notices of default and intent to accelerate were provided, but the Jemisons failed to cure the default. The Note was properly accelerated. Approximately $710,277.19 was due and owing as of July 14, 2014, with interest accruing on the principal balance in the amount of $78.3306 per day at the rate prevailing on July 14, 2014.

CitiMortgage also seeks judgment that it is entitled to recover attorneys' fees and costs against the property from the proceeds of the foreclosure sale. CitiMortgage seeks fees in the amount of $96,239.20. Jemison disputes that CitiMorgage is entitled to attorneys' fees but does not challenge the amount. Jemison argues that under the loan documents and Tex. Const., art. XVI, Section 50(a)(6), the home-equity loan is without recourse, precluding CitiMortgage's recovery of attorneys' fees and costs. But, as CitiMortgage makes clear in its response, it does not seek to hold the Jemisons personally liable for the fees and costs. Instead, CitiMortgage seeks to recover attorneys' fees and costs against the property, as authorized by the Note and Deed of Trust. The case law supports finding this valid. *See Huston v. U.S. Bank Nat. Ass'n*, U.S. Dist. LEXIS 178267, 2013 WL 7869183, at *24-26 (S.D. Tex. Dec. 19, 2013) (analyzing language identical to paragraph 9 of the Deed of Trust in the present case and stating that "while the mortgagor is not personally

liable for attorneys' fees, the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale." *Id*. at *24-25.

This court grants summary judgment authorizing the nonjudicial foreclosure of the property under the Deed of Trust and Texas Property Code §51.002, with the proceeds of such sale to be applied to the costs of sale and the amounts due and owing under the Note, including CitiMortgage's reasonable and necessary attorneys' fees and costs.

Final judgment is separately entered.

SIGNED on October 24, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge