IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN W. JEMISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-2475 |
| | § | |
| CITIMORTGAGE, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

The plaintiff, John Jemison, defaulted on his mortgage loan. On July 19, 2013, Jemison, representing himself, filed a state-court petition to stop the lender, CitiMortgage, from foreclosing. The action was removed to federal court based on diversity jurisdiction. (Docket Entry No. 1). Jemison filed an amended complaint, naming several other defendants (which the court refers to collectively as "CitiMortgage") and asserting numerous causes of action and bases for relief, including lack of statutory standing to foreclose; suit to quiet title; and breach of contract. (Docket Entry No. 34). CitiMortgage moved to dismiss the complaint. After giving Jemison multiple opportunities to amend, this court granted CitiMortgage's motion to dismiss and denied Jemison further leave to amend. (Docket Entry No. 54). The court subsequently granted summary judgment in CitiMortgage's favor on its counterclaim for breach of contract. (Docket Entry No. 61). Jemison has moved for a new trial. (Docket Entry No. 63). CitiMortgage responded. (Docket Entry No. 64).

Based on careful review of the motion, the applicable law, and the record, this court denies Jemison's motion for a new trial. The reasons are explained below.

**I.      The Applicable Legal Standard**

The Federal Rules of Civil Procedure do not specifically provide for motions for new trial when, as here, no trial has occurred.  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).  Motions asking a court for a new trial under these circumstances are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b).  *See id.*; *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998); *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748, n. 9 (5th Cir. 2006) (citing *Patin v. Allied Signal*, Inc., 77 F.3d 782, 785 n. 1 (5th Cir. 1996)); *see also Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669–70 (5th Cir. 1986) ("'[A]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.'") (quoting 9 MOORE'S FEDERAL PRACTICE ¶ 204.12[1], at 4–67 (1985)).

A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).

Relief is also appropriate when there has been an intervening change in the controlling law.  *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy

that courts should use sparingly.  *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed.1995).  The Rule 59(e) standard "favors denial of motions to alter or amend a judgment."  *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## II.     Analysis

Jemison makes three arguments.  None is new.  Jemison made these arguments earlier, and the court found each legally and factually deficient.  Jemison presents no new facts or intervening changes in the law.

Jemison first argues that CitiMortgage lacked standing to foreclose on his property because of defects in the assignments of the Note or the Deed of Trust from Town and Country to Ameriquest Mortgage and then from Ameriquest to CitiMortgage.  Jemison argues that the defects made the assignments void (as opposed to voidable) because they were "forgeries."  The court has previously considered and rejected this argument.  (Docket Entry No. 54, at 7-9 & n.2).  Jemison's conclusory forgery allegations do not satisfy Rule 9(b)'s heightened pleading standard, which requires plaintiffs to allege with specificity the "who, what, when, where, and how" of the alleged fraud.  *See* FED. R. CIV. P. 9(b); *U.S. ex rel. Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 384 (5th Cir. 2003).  The Fifth Circuit has explained that courts apply Rule 9(b) in to "all averments of fraud, whether they are part of a claim of fraud or not."  *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).  "Rule 9(b) applies to [Jemison's] forgery claims."  *Brinson v. Universal Am. Mortg. Co.*, No. G-13-463, 2014 WL 4354451, at *4 n.1 (S.D. Tex. Sept. 2, 2014); *see also Tyler v. Bank of America, N.A.*, No. 5:12-cv-909-DAE, 2013 WL 5923717, at *4 (W.D. Tex. Oct. 31, 2013) ("Applying Rule 9(b) to Plaintiffs' allegations of forgery

was similarly proper."). Jemison responds that "by incorporating copies of the assignments and indorsements [he] claimed were forged, [he] actually did explain the 'who, what, when, where, and how' of the fraud." (Docket Entry No. 63, at 3). But the court rejected this argument in concluding that the unbroken chain of recorded assignments were valid. (Docket Entry No. 54, at 7). Jemison's fraud and forgery allegations remain insufficient.

Second, Jemison argues that to maintain a quiet-title claim in Texas, he need not plead that he had superior title. The court considered and rejected this argument. Under Texas law, "[i]n a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex.App.-Houston [1st Dist.] 2009, pet. denied) (citing *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex.App.-Waco 1980, writ ref'd n.r.e.)). Jemison failed to allege facts that, if proven, would establish the superiority of his title. And "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook-Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quoting *Fillion v. David Silvers Company*, 709 S.W.2d 240, 246 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)). Jemison does not dispute that he defaulted on the Note, failed to make payments to cure the default, and has not tendered the amount due. He relies on *Wright v. Matthews*, 26 S.W.3d 575 (Tex. App. -Beaumont 2000, pet. denied), to argue that he need to allege only his "right, title, or ownership" with "sufficient certainty to enable the court to see he . . . has a right of

ownership." *Id.* at 578. Like the plaintiffs in *Wright*, however, Jemison has "no equitable title because the purchase price ha[d] not been paid in full." *Id.* at 578.[1]

Third, Jemison argues that his breach of contract claim based on the "splitting" of the Note and the Deed of Trust should not have been dismissed despite his failure to tender performance because: CitiMortgage treated the contract as continuing by counterclaiming for foreclosure under the Deed of Trust; the plain language of the Deed of Trust did not allow the Note to be split from the Deed; his complaint alleged damages for the breach; and he adequately alleged the filing of fraudulent documents. (Docket Entry No. 63, at 11-12). The court considered and rejected these arguments, except that a new twist has been added to the first. Jemison now argues that by seeking foreclosure, CitiMortgage treated the contract as continuing and therefore excused Jemison's earlier failure to tender performance.

Jemison's argument fails. Foreclosure is a *remedy* for breaching the Deed of Trust. CitiMortgage sought to hold Jemison accountable through foreclosure after he defaulted on his loan. Seeking a remedy for a contract breach does not excuse that breach.

Jemison again relies on *Mathis v. DCR Mortg. III Sub, I, LLC*, 952 F. Supp. 2d 828 (W.D. Tex. 2013), which observed that "[i]f the non-breaching party treats the contract as continuing after

---

[1] Jemison also relies on *Mortgage Electronic Registration Systems, Inc. v. Groves*, 2011 WL 1364070 (Tex. App.—Houston [14th Dist.] April 12, 2011, no writ), an unpublished state court decision holding that the plaintiff stated a quiet-title claim by alleging, without more, "that she owns the property by virtue of her recorded deed." *Id.* at *4. But *Groves* is a "is a state court decision that does not rely on the [federal] pleading standard set forth in *Twombly*." *Munoz v. HSBC Bank USA, N.A.*, 2013 WL 5231732, at *4 n.1 (S.D. Tex. Sept. 12, 2013); *see also Morlock, LLC v. JP Morgan Chase Bank, N.A.*, — F. App'x —, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (affirming district court's dismissal of quiet-title claim because the complaint "failed to allege any facts establishing the superiority of its title as compared to the Deed of Trust").

the breach, he is deprived of any excuse for terminating his own performance." *Id.* at 837.  But, as another court in this district recently observed,

> *Mathis* is distinguishable . . . because the duties allegedly breached by Defendants were not triggered by Plaintiffs' default.  The court in *Mathis* held that a homeowner's default did not excuse the defendant from providing proper notice of acceleration.  *Id.*  The court reasoned that "[t]o hold the very act which triggers the contractual obligation amounts to a breach excusing performance of said obligation would render the notice provision a dead letter."  *Id.*  Here, the allegations in Plaintiffs' First Amended Complaint all pertain to transfers of the Note and Deed of Trust, not to procedural obligations triggered by Plaintiffs' default.

*Johnson v. Bank of America, N.A.*, 2014 WL 4923970, at *8 (S.D. Tex. Sept. 30, 2014).  Even assuming that Jemison could challenge the splitting of the Note and the Deed despite his failure to tender payment, the court has previously considered and rejected his arguments.

Jemison has not shown intervening changes in law or new facts to justify the relief he now seeks.  He has failed to show a manifest error of law or fact.  He has instead presented legal arguments previously rejected or insufficient as a matter of law.  The motion for new trial is denied.

## III.   Conclusion

The motion for a new trial is denied.  (Docket Entry No. 63).

SIGNED on January 20, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge